**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ESPERANZA LUGO-MALONE,**

           **Plaintiff,**

**-vs-**                                        **Case No. 6:10-cv-1628-Orl-28DAB**

**ADVANCE/NEWHOUSE PARTNERSHIP,**

           **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 18)**
>
> **FILED:**      **March 7, 2011**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff filed her Complaint in state court, alleging (a) unequal pay pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq., as amended by the Equal Pay Act, 29 U.S.C. §206(d) ("EPA"), (b) gender discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII") and the Florida Civil Rights Act of 1992 as amended (the "FCRA") §§760.01-760.11, Florida Statutes, and (c) retaliation pursuant to Title VII and the FCRA (Doc. No. 2). Defendant removed the action (Doc. No. 1) and the parties promptly settled (Doc. No. 16). The

District Judge dismissed the action, "subject to the right of any party within sixty (60) days . . . , to re-open the action upon good cause shown, to submit a joint stipulation of dismissal with prejudice, or to submit a stipulated form of final judgment."  The instant motion timely followed.

According to the papers, Defendant will pay Plaintiff a total of $100,000.00, including the following, with respect to the EPA claim: (1) $2,500.00 in wages allegedly due pursuant to the EPA; (2) $2,500.00 in alleged liquidated damages due pursuant to the EPA; (3) $3,333.33 in attorney's fees and costs in connection with Plaintiff's EPA claim.  The parties seek court approval as to these amounts.  It is **respectfully recommended** that the motion be **granted** and the settlement, to the extent it purports to settle a claim under the Fair Labor Standards Act, be **approved.**

As recognized by the parties, a portion of the claim arises under the EPA, which is itself an amendment to the Fair Labor Standards Act.  In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Here, Plaintiff contended that she was paid less than a male employee with an allegedly similar position. Defendant disputed the similarity of the positions and contended that any pay difference was based on non-gender reasons. The parties agree that there is a bona fide dispute as to whether Plaintiff's position required the same skill, effort and responsibility and were performed under similar working conditions as the other position and both sides represent that this dispute cannot readily be resolved based on the facts of the case or the law. In view of the cost of litigation and the inherent uncertainties in both proof and amount of recoverable damages, the Court finds the compromise to be reasonable.

As for attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").

Here, the parties have stipulated to an amount of $3,333.33 for fees and costs; an amount which both sides apparently stipulate as reasonable. Counsel has not provided the Court with actual time sheets or summaries of time spent, but urges approval based on *Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009) (If "the plaintiff's attorneys' fee is agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of the fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). As *Bonetti* has not been adopted by all of the judges in this District (or, indeed, within this division), the Court declines to apply it here.

While the absence of any proof of hours expended and rates charged would normally result in a recommendation that the motion be denied, the Court finds that on the unique facts presented here,[1] an attorneys fee of $3,333.33 is *per se* reasonable for prosecution of the EPA claim. In making this determination, the Court notes that the total sum amounts to significantly less than 20 hours of attorney time at the usual rates awarded for similar work, and *includes* costs.

It is therefore **respectfully recommended** that the motion be **granted, and the settlement be approved, to the extent it includes the EPA claim.** [2]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[1] The Court notes that the EPA claim is of some complexity and is not a garden variety overtime claim.

[2] The Court need not and does not address the other terms of the settlement to the extent they purport to cover the other claims or include other terms not essential to the FLSA claim.

Recommended in Orlando, Florida on March 8, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy